1 | Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2 | SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
3 | San Francisco, CA 94105
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5 | mstafford@sjlawcorp.com

6 | Attorneys for Plaintiff
BAY AREA PAINTERS AND TAPERS
7 | PENSION FUND, et al.

8

9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 |

13 | BAY AREA PAINTERS AND TAPERS | Case No.: C07-2376 MMC
PENSION FUND, BAY AREA PAINTERS
AND TAPERS HEALTH FUND, BAY AREA | **JUDGMENT PURSUANT TO**
14 | PAINTERS AND TAPERS JOINT | **STIPULATION**
APPRENTICESHIP TRAINING FUNDS,
15 | AND THEIR JOINT BOARDS OF
TRUSTEES; FRED INMAN AND CHARLES
16 | DEL MONTE, AS TRUSTEES; AND
DISTRICT COUNCIL 16 OF THE
17 | INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES;
18

19 | Plaintiffs,

20 | v.

21 | RIO GRANDE PAINTING, INC.

22 | Defendant.

23

24 | 1. Defendant entered into a valid collective bargaining agreement with the District

25 | Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

26 | Agreement"). This Bargaining Agreement has continued in full force and effect to the present

27 | time.

28

L:\RioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC

1     2.    Defendant has become indebted to the Trust Funds for amounts due and owing

2 under the terms of the Collective Bargaining Agreement and Trust Agreements as more fully set

3 forth in Exhibit A attached hereto and incorporated herein by this reference.  A summary of the

4 amounts due is provided below, with interest calculated through August 15, 2007 or until

5 contributions were paid:

6     **Account number 2021-073116-00:**

7

| Contributions (balance due) | $ 6,860.84 |
|---|---|
| Liquidated Damages | $ 4,155.94 |
| Interest | $ 721.59 |
| **Total Due:** | **$ 11,738.37** |

8

9

10

11     **Account number 1021-073116-00:**

12

| Contributions | $ 100,581.77 |
|---|---|
| Liquidated damages | $ 13,129.34 |
| Interest | $ 4,228.28 |
| **Total Due:** | **$ 117,939.39** |

13

14

15

| Attorney's Fees (through 8/20/07) | $ 8,770.19 |
|---|---|
| Costs of Suit | $ 350.00 |
| **Total Due** | **$ 9,120.19** |
| Grand Total Due (all amounts above) | **$ 138,797.95** |

16

17

18

19     3.    Defendant shall ***conditionally*** pay the amount of **$121,512.67** (the total less

20 $17,285.28 liquidated damages) conditioned on timely compliance with all of the terms of this

21 Stipulation as follows:

22

23     • On or before August 27, 2007, defendant shall pay the amount of $5,000.

24     • Beginning on September 20, 2007, and continuing on or before the

25 20th of every month thereafter for a period of 12 months (through August 20, 2008), defendant

26 shall pay to plaintiffs **$1,415.00** per month.

27     • Thereafter, beginning on September 20, 2008 and continuing on or before the

28

1   20th of every month thereafter for a period of 10 months (through June 20, 2009), defendant shall

2   pay to plaintiffs **$4,245.00** per month.

3          • On or before July 20, 2009, defendant shall pay the remainder due, in one lump

4
    sum payment.  Prior to this payment being due, plaintiffs will confirm, in writing, the amount of

5
    this final payment.

6
7          4.      Defendant shall have the right to increase the monthly payments at any time, or

8   prepay any amount at any time.  Payment can be made by joint check, endorsed by defendant prior

9   to submission to plaintiffs.

10         (a)      Payments shall be applied first to unpaid interest at the rate of 7% per

11
    annum on the unpaid principal balance, in accordance with plaintiffs' Trust Agreements.

12
13         (b)      Payments shall be made to the Bay Area Painters and Tapers Trust Funds,

14  and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street,

15  Suite 520, San Francisco, CA  94105 **on or before the 20th of each month as stated above**, or to

16  such other address as may be specified by plaintiffs.  In the event that any check is not timely

17  submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for

18  any reason for which Defendant is responsible, this shall be considered to be a default on the

19  Judgment entered.  If this occurs, plaintiffs shall make a written demand to defendant to cure said

20  default.  Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to

21  Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from

22  plaintiffs.  If defendant elects to cure said default, and plaintiffs elect to accept future payments,

23  all such payments shall be made by cashier's check.  In the event default is not cured, all amounts

24  remaining due hereunder shall be due and payable on demand by plaintiffs.

25         5.       Beginning with contributions due for hours worked by defendant's employees

26
27  during the month of July 2007, to be postmarked no later than August 15, 2007, and for every

28

1  month thereafter that the Bargaining Agreement remains in effect, defendant **shall remain**

2  **current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and

3  under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as

4  amended. **Defendant shall fax a copy of the contribution report for each month, together**

5  **with a copy of that payment check, to Michele R. Stafford at 415-882-9287 on the same day**

6  **of mailing the payment to the Trust Fund office. To the extent that defendant is working on**

7  **a Public Works job, or any other job for which Certified Payroll Reports are required,**

8  **copies of said Reports will be faxed to Saltzman and Johnson Law Corporation to the**

9  **attention of Michele R. Stafford concurrently with their submission to the general**

10 **contractor, owner or other reporting agency.**

11     Failure by defendant to fax reports as described above or remain current in its contributions

12 shall constitute a default of the obligations under this agreement. The cure provisions of

13 Paragraph 4(b) and the default provisions of Paragraph 8 shall apply. Any such uncured and

14 unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum

15 interest accrued on the total contributions and liquidated damages, shall be added to and become a

16 part of this Judgment and subject to the terms herein.

17     6.     It is further stipulated and agreed that Clemente Limon (hereinafter referred to as

18 "guarantor"), the CEO/President of Rio Grande Painting, Inc., shall personally guarantee payment

19 of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation. In

20 consideration of the terms of this Stipulation, defendant, and guarantor, submit herein to the

21 jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments

22 due to plaintiffs pursuant to paragraphs 4 and 5 herein.

23     7.     Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise

24 defendant, in writing, of the amount of the final lump sum payment and any additional amounts

L:\RioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC

1   claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional

2   attorneys fees and costs incurred in this matter.  Said amount shall be paid with the last payment,

3   on or before July 20, 2009.

4
5          8.       In the event that defendant/guarantor fail to make any payment required under

6   Paragraph 3 above, or fail to remain current in any contributions under paragraph 5 above, and fail

7   to cure as set forth in Paragraph 4(b), then:

8          (a)      The entire balance of $ 138,797.95 plus interest, reduced by principal

9   payments received by Plaintiffs, or any other reductions as set forth in this Agreement, but

10  increased by any unpaid contributions then due, plus 10% liquidated damages and 7% per annum

11  interest thereon as provided in above paragraph 5 shall be immediately due, together with any

12  additional attorneys' fees and costs under section (d) below.

13
14         (b)      A writ of execution may be obtained against defendant and guarantor

15  without further notice, in the amount of the unpaid balance, plus any additional amounts under the

16  terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any

17  payment theretofore made by or on behalf of defendant and the balance due and owing as of the

18  date of default.  Defendant and guarantor specifically consent to the authority of a Magistrate

19  Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution.

20
21         (c)      Defendant and guarantor waive notice of entry of judgment and expressly

22  waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized

23  representative of plaintiffs as to the balance due and owing as of the date of default shall be

24  sufficient to secure the issuance of a writ of execution.

25         (d)      Defendant/guarantor shall pay all additional costs and attorneys' fees

26  incurred by plaintiffs in connection with collection, transmittal and allocation of the amounts

27  owed by defendant to plaintiffs under this Stipulation.

28

L:\RioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC

9.   Any failure on the part of the plaintiffs to take any action against defendant or guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant or guarantor of any provisions herein.

10.   In the event of the filing of a bankruptcy petition by defendant or its guarantor, the parties agree that any payments made by defendant or guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendant or guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

Defendant and its guarantor nevertheless represent that no bankruptcy filing is anticipated.

11.   Defendant believes that payments may have been made to the Trust Funds that have not been applied to reduce the total amount due.  Defendant is expressly reserving the right to present documentation in support of its claim that the amount due above is incorrect. In the event that the evidence presented demonstrates that a lesser amount is due, the Stipulation will be amended accordingly to reduce the amount due pursuant to this Stipulation.

Plaintiffs similarly reserve the right to demonstrate that additional amounts to those herein provided due, for periods prior to entry of this Stipulation, and in that event the Stipulation will be amended accordingly to increase the total of amounts due.  Plaintiffs specifically reserve all rights available for collection of contributions incurred before or after execution of this Agreement.

//

//

//

//

//

L:\RioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC

1       To amend this Judgment to reduce or increase any amounts due, the parties must present

2  sufficient documentary evidence to demonstrate such change.  Both parties reserve their rights to

3  request that the Court amend the Judgment.

4

5

6  Dated: August 22 , 2007          RIO GRANDE PAINTING, INC.

7

8                           By: _____
                            Clemente Limon, CEO/President

9

10  Dated: August 22 , 2007          CLEMENTE LIMON

11

12                            Personal Guarantor

13

14  Dated: August 24 , 2007          SALTZMAN & JOHNSON LAW
                            CORPORATION

15

16                            By: _____
                            Michele R. Stafford

17                            Attorneys for Plaintiffs

18  APPROVED AS TO FORM:

19  Dated: August 22 , 2007

20                            CREECH, LIEBOW & KRAUS

21

22                            By: _____
                            Ed Kraus

23                            Attorneys for Defendants

24  IT IS SO ORDERED

25  Dated: _August 27_____ , 2007

26                            UNITED STATES DISTRICT COURT JUDGE

27

28

-7-

L:\RioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC